**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILARION PENA-GUTIERREZ, | No. 07-75023 |
| Petitioner, | Agency No. A030-401-210 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Hilarion Pena-Gutierrez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an

immigration judge's removal order and denying his motion to remand. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

and review for abuse of discretion the BIA's denial of a motion to remand. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921, 923 (9th Cir. 2007). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary denial of relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas-Hernandez*, 497 F.3d at 923. Pena-Gutierrez's contention that the BIA held that he was legally ineligible for 212(c) relief is not supported by the record and does not amount to a colorable claim over which we have jurisdiction. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

The BIA did not err or violate due process in conducting a de novo review of the IJ's discretionary denial of Pena-Gutierrez's application for 212(c) relief. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The [BIA] may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo.").

The BIA did not abuse its discretion in denying Pena-Gutierrez's motion to remand proceedings because he failed to demonstrate the evidence he submitted was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**